UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

ALFRED DORSETTE,

                      Petitioner,

                      **MEMORANDUM & ORDER**
      v.                      11−CV−359 (PKC)

PATRICK GRIFFIN,
Superintendent of Southport Correctional Facility,

                      Respondent.

----------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

       Before the Court is Petitioner Alfred Dorsette's motion for leave to reargue pursuant to N.Y.C.P.L.R. § 2221, which the Court construes as a motion to reconsider the February 2, 2015, denial of Petitioner's discovery request, pursuant to Local Civil Rule 6.3 ("Local Rule 6.3"). (Dkt. 23); *McCrary v. Lee*, No. 12-CV-2867 SJF, 2013 WL 5937420, at *2 (E.D.N.Y. Oct. 29, 2013) ("Motions for reconsideration in this district are governed by Local Civil Rule 6.3 . . ., which provides, in relevant part, that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the court's determination of the original motion.") (internal quotation marks omitted)[1]; *see* U.S. Dist. Ct. Rules S. & E.D.N.Y., Civ. Rule 6.3. In his discovery request, Petitioner sought the production of "Allocation of two plea offers dated: 1987 Ind. No. 223-87 and dated: 1989 Ind. No. 7826-89." Petitioner's motion for reconsideration is denied for the following reasons.

---

[1] Petitioner filed this reconsideration motion on March 3, 2015, over a month after the denial of the original discovery request. It is, therefore, untimely. *See* Local Rule 6.3 (setting 14-day deadline for reconsideration motions). However, in light of Petitioner's *pro se* status, the Court addresses the merits of Petitioner's request notwithstanding its untimeliness.

Petitioner asserts that the requested plea minutes relate to the alleged "State Court[']s Sentencing impropriety, resulting in a Due Process violation under the United States Constitution." (Dkt. 24 at 3.) Petitioner was sentenced as a persistent violent felon based on these two prior convictions. Petitioner maintains that the requested plea minutes are relevant to challenging the voluntariness of those prior guilty pleas, which he asserts were "illegal." (*Id*., 4-5.) However, the voluntariness of those guilty pleas is not relevant to the issue presented in the instant petition, namely, whether Petitioner was properly sentenced as a persistent violent felony offender based on the *fact* of those convictions. *See* N.Y. Crim. Proc. Law § 70.08. The time to challenge the voluntariness of those guilty pleas has long passed, and cannot be raised in this petition. *See Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 402 (2001) (ruling that the defendant may not challenge the enhanced sentence on the ground that the prior conviction was unconstitutionally obtained if that conviction is no longer open to direct or collateral attack in its own right); *Vasquez v. Ercole*, 543 F. Supp. 2d 238, 242 (S.D.N.Y. 2008) (holding that petitioner, who was sentenced as a persistent violent felon, was barred from challenging the constitutionality of his prior convictions where the sentences had fully expired); *see also* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgement of a State court."); *Franklin v. New York*, 306 F.R.D. 103, 110 (E.D.N.Y. 2015) ("A petition for writ of *habeas corpus* must be filed within one year of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.") (quoting 28 U.S.C. § 2244(d)(1)(A)). Thus, the requested plea minutes have no bearing on the sentencing issue presented in this petition.

Petitioner also argues as a basis for the requested discovery that the State court should not have considered his 1987 conviction for purposes of sentencing because the conviction was never mentioned in the *Sandoval* hearing held in Petitioner's case. (Dkt. 24 at 6.) This claim, however, is meritless, and does not justify discovery of the plea minutes. The purpose of a *Sandoval* hearing is to "determine the extent to which [the defendant] will be subject to impeachment by cross-examination about prior bad acts if he testifies" at trial. *Jones v. Artuz*, No. 97-CV-2063(NG), 2002 WL 31006171, at *9 (E.D.N.Y. Aug. 30, 2002), *aff'd*, 96 F. App'x 742 (2d Cir. 2004). Even assuming *arguendo* that Petitioner's 1987 conviction was not mentioned during his *Sandoval* hearing, that fact would not have precluded the trial court from considering the 1987 conviction at sentencing to determine whether Petitioner should be sentenced as a persistent violent felon. Therefore, to the extent the plea minutes from the 1987 conviction relate to any alleged failure by the trial court to consider that conviction at the *Sandoval* hearing—and it is far from clear that they do—these minutes are nonetheless immaterial to the sentencing issue raised in this habeas petition.

In sum, Petitioner has not raised any new arguments that warrant the discovery he seeks. Accordingly, Petitioner's motion for reconsideration is DENIED.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: July 27, 2015
Brooklyn, New York